IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY TURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-079 |
| | ) | |
| KIMBERLY W. SCHROER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at the Columbia County Detention Center ("CCDC"), in Appling, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  SCREENING THE AMENDED COMPLAINT

    A.  BACKGROUND

Plaintiff commenced this case by naming thirteen Defendants and submitting more than two-hundred pages of documents including dozens of single-spaced, handwritten pages, describing alleged mistreatment by individuals from various agencies throughout his criminal case and while detained at the CCDC. (See doc. no. 1, pp. 3-5, 13-124.) In an Order dated June 26, 2023, the Court explained Plaintiff must submit an amended complaint and pointed

out many of Plaintiff's assertions were not tied to any specific defendant and his litany of complaints concerning mistreatment could not be properly joined in one lawsuit. (Doc. no. 3, pp. 4-5.) The Court then provided Plaintiff with specific instructions for submitting an amended complaint. (See id. at 5-6.)

In response, Plaintiff submitted a fifty-six-page amended complaint that included the same named defendants and claims as his original complaint. (See generally doc. no. 4-1.) Problematically, Plaintiff did not completely fill out the standard complaint form and instead wrote, "see attached" to reference the fourteen pages of his handwritten statement of the claim. (Id. at 4-19.) Plaintiff completely disregarded the instructions given in the Court's June 26th Order, concerning the handwritten pages limit, the requirement to provide dates and factual details about the alleged misconduct correlated to specific Defendants and events, and Plaintiff's use of "see attached" when referencing his numerous claims and Defendants. (See doc. no. 3, p. 8; doc. no. 4-1.) Rather, Plaintiff again provides a disjointed description of multiple issues regarding the thirteen named Defendants over approximately two to three years. (See generally doc. no. 4-1.) The amended complaint also fails to demonstrate the relatedness of all the claims arising before his arrest and subsequent pre-trial detention at CCDC. (See generally id.)

The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, but the Court can determine only that Plaintiff is alleging countless violations of due process, equal protection, malicious prosecution, false representation by his attorney(s), obstruction of justice, concealment of investigations and evidence, sloppy investigations, unfair prejudice, prosecutorial misconduct, improper venue, grievance issues, defamation by his child's mother, and defamation by the prosecutor's office. (Id. at 3, 10-11,

20-21.) Plaintiff also alleges his child's mother and older sister are unfit, recklessly endanger the child, and maliciously aided in sabotaging him throughout his criminal case. (Id. at 10, 18.)

## II. DISCUSSION

### A. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it

3

"tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

    **B.    Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878

4

F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). <u>See</u> <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." <u>Weiland</u>, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> at 1322. Third are those that do not separate each claim into a separate count. <u>See id.</u> at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." <u>Id.</u> at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. <u>See Weiland</u>, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." <u>Beckwith v. Bellsouth Telecomms. Inc.</u>, 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

<u>Cummings v. Mitchell</u>, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020)

(Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court warned Plaintiff about the deficiencies in his original complaint, provided detailed instructions on how to correct these deficiencies, and warned that failure to correct them would result in the Court recommending dismissal. (See doc. no. 3.) Plaintiff failed to correct the pleading deficiencies and did not follow the Court's Order. Plaintiff completely disregarded the instructions given in the Court's June 26th Order concerning the handwritten page limit, the requirement to provide dates and factual details about the alleged misconduct correlated to specific Defendants, and Plaintiff's use of "see attached" when referencing his numerous claims and Defendants. (See generally doc. no. 4-1.) Instead, Plaintiff filed a quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of wholly unrelated claims that occurred over two to three years before Plaintiff's arrest and detainment at CCDC, all in violation of Federal Rule of Civil Procedure 20. (See generally id.)

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed. See Abdulla v. So. Bank, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023) (*per curiam*) (affirming dismissal of amended complaint as shotgun pleading where amendment contained "numerous conclusory, vague, and immaterial facts"); Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including

inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Jester v. Ayodele Ayedun, et al., 2022 WL 16748798, at *1 (S.D. Ga. Nov. 7, 2022), aff'd, No. 22-14213 (11th Cir. Aug. 11, 2023) (affirming rejection of complaint that did not comply with amendment instructions); see also Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).

Because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending and having been given an opportunity to cure pleading deficiencies to no avail, Plaintiff's amended complaint should be dismissed. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### C.  The Court Should Abstain under the Younger Doctrine

Perhaps more importantly, dismissal is also warranted under the Younger abstention doctrine. Plaintiff alleges various violations of due process, equal protection, malicious prosecution, false representation by his attorney(s), obstruction of justice, concealment of investigations and evidence, sloppy investigations, unfair prejudice, prosecutorial misconduct, improper venue, grievance issues, and defamation by the prosecutor's office. (Doc. no. 4-1, pp. 3, 10-11, 20-21.)

Investigations, charging decisions, and decisions to admit evidence during state criminal proceedings belong to state authorities. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records confirm what the complaint implies, i.e., state proceedings are ongoing.[1] Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff

---

[1] See Columbia County Clerk of Court Web Docket, available at http://www.columbiaclerkofcourt.com/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Turman, Gregory," open 2021-CR-0891, last visited Aug. 31, 2023); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

has not established the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his due process, malicious prosecution, and other concerns as well as other constitutional challenges during his criminal proceedings and on appeal. Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice and does not preclude later re-filing of the complaint").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of August, 2023, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA